IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER EDWARD FORJOHN, JR. | : | CIVIL ACTION |
| | : | |
| | : | |
| KILOLO KIJAKAZI, | : | |
| Acting Commissioner of the Social | : | |
| Security Administration, | : | NO. 22-4673 |

**MEMORANDUM**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                      May 22, 2023

Peter Edward Forjohn, Jr. ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act. Plaintiff has filed a brief in support of his request for review, the Commissioner has responded to it and Plaintiff has filed a reply brief. For the reasons set forth below, this case is remanded to the Commissioner.

**I.      PROCEDURAL HISTORY**[1]

On October 4, 2019, Plaintiff applied for DIB, alleging disability because of physical and mental health impairments that commenced on May 1, 2019. R. 22. The claim was denied, initially and upon reconsideration; therefore, Plaintiff requested a hearing. *Id.* On August 17, 2021, because of COVID-19 precautions, Plaintiff appeared for a telephone hearing before Jessica Marie Johnson, Administrative Law Judge ("the ALJ"). *Id.* Plaintiff, represented by an attorney, and Carmine Abraham, a vocational expert, ("the VE") testified at the hearing. *Id.* On November

---

[1] The court has reviewed and considered the following documents in analyzing this case: Plaintiff's Brief and Statement of Issues on Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply Brief ("Reply") , and the administrative record. ("R.").

3, 2021, the ALJ, using the sequential evaluation process for disability,[2] issued an unfavorable decision. R. 22-34. The Social Security Administration's Appeals Council denied Plaintiff's request for review, on August 11, 2022, making the ALJ's findings the final determination of the Commissioner. R. 12-15. Plaintiff seeks judicial review and the parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II.   FACTUAL BACKGROUND

A.   <u>Personal History</u>

Plaintiff, born on September 1, 1958, R. 32, was 63 years old on the date of the ALJ's decision. He was the athletic director at the Glen Mills School and last worked in 2018, when the school closed. R. 29, 48-49. Plaintiff lives with his wife and mother-in-law. R. 47.

B.   <u>Plaintiff's Testimony</u>

Plaintiff testified about his mental health impairments at the August 17, 2021 administrative hearing.[3] R. 47-57. Plaintiff testified that, in the last year, the only reason he left

---

[2] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. § 404.1520(b).
>
> 2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. § 404.1520(c).
>
> 3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. § 404.1520(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. § 404.1520(f).
>
> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education, and past work experience in conjunction with criteria listed in Appendix 2, he is or is not disabled. *See* 20 C.F.R. § 404.1520(g).

[3] Although Plaintiff alleged physical impairments, he was not questioned about them at the administrative hearing.

2

his home was to walk his dogs across his driveway. R. 48. He maintains his driver's license but hasn't driven in approximately two years. *Id.* Plaintiff has lost interest in his normal activities and lacks energy to do anything; aside from walking his dogs briefly, all he does each day is sit at home and watch television. R. 52-54. Plaintiff often eats his meals in front of the television. R. 56. He has little interaction with his wife and mother-in-law and is even reluctant to speak to people on the telephone. *Id.*

Plaintiff only showers every couple of weeks and shaves less frequently. R. 55. He typically wears the same clothes during the day for several days and the same sleeping attire for several days. *Id.* Plaintiff sleeps poorly, typically for only four or five hours each night. R. 53.

Plaintiff's memory is impaired; he has difficult remembering significant dates, such as birthdays. R. 51. He also has difficulty concentrating. *Id.*

Plaintiff sees a psychologist every two weeks to treat his mental health problems. R. 50. He finds the sessions help somewhat, but his anxiety and depression still impair him. *Id.* Four months ago, his doctor switched his medication; Plaintiff noticed no improvement in his condition. R. 51. Plaintiff began mental health treatment, while he was still working. R. 54. During the last eighteen months of his employment, Plaintiff missed approximately six months of work because of his anxiety and depression.[4] *Id.*

C.  Testimony of Plaintiff's Wife

Plaintiff's wife, Rita Forjohn, testified about Plaintiff's limitations. R. 57-59. She confirmed that she had produced the diary that is in the record.[5] R. 57. Ms. Forjohn stated that she has been married to Plaintiff for forty-one years; he used to be active, energetic, helpful to others, and someone who could be relied upon for needed assistance. R. 58. He has changed

---

[4] Plaintiff stated that he used sick, vacation and, finally, FMLA time to cover his long absence from work. R. 54-55.
[5] It is this diary that is the basis for Plaintiff's first claim of error.

dramatically; he no longer showers regularly and is unwilling or unable to perform any household tasks. *Id.* For example, she recently told Plaintiff that a lightbulb needed to be changed and left him a lightbulb to perform the task. *Id.* Although Plaintiff said he would change the lightbulb, after two weeks, he had not done so. *Id.* He has no interest in socializing and will not even talk to people on the telephone. *Id.* Plaintiff is also reluctant to allow people, such as repairmen, to enter their home. *Id.* Plaintiff has not had a haircut since 2019 and he wears the same clothes each day and the same sleeping clothes each night for long periods of time. R. 59.

D. <u>Vocational Testimony</u>

The VE testified that Plaintiff's past job was a composite position of athletic director, a sedentary,[6] skilled[7] position, and athletic coach, a medium,[8] skilled position. R. 62. Next, the ALJ asked the VE to consider a person having Plaintiff's education and work experience, who could perform work at all exertional levels, but was limited to: simple, repetitive tasks; occasional, routine changes in the work environment; and occasional contact with the public, coworkers, and supervisors. R. 62-63. The VE opined that, although this person could not perform Plaintiff's past work, they could perform three, alternative, unskilled[9] jobs: (1) cleaner, 223,569 positions in the national economy; (2) hand packager, 147,872 positions in the national economy; and (3) laundry worker, 213,350 positions in the national economy. R. 63. Furthermore, the VE opined that a

---

[6] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary to carry out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

[7] "Skilled work requires qualifications in which a person uses judgment to determine the machine and manual operations to be performed in order to obtain the proper form, quality, or quantity of material to be produced. . . . Other skilled jobs may require dealing with people, fact, or figures or abstract ideas at a high level of complexity." 20 C.F.R. § 404.1568(c).

[8] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c).

[9] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time. The job may or may not require considerable strength . . . [a] person does not gain work skills by doing unskilled jobs." 20 C.F.R. § 404.1568(a).

4

person who regularly missed two days of work per month or was off-task 10% or more of the workday would not be employable.  R. 63-64.

### III.   THE ALJ's FINDINGS

In her decision, the ALJ issued the following findings:

1. [Plaintiff] meets the insured status requirements of the Social Security Act through December 31, 2024.

2. [Plaintiff] has not engaged in substantial gainful activity since May 1, 2019, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. [Plaintiff] has the following severe impairments:  panic disorder with agoraphobia, generalized anxiety disorder, and major depressive disorder (20 CFR 404.1520(c)).

4. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that [Plaintiff] has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: [Plaintiff] can perform simple and repetitive tasks, with only occasional simple decision making required and occasional routine changes in the work environment.  [Plaintiff] can occasionally interact with the public, co-workers, and supervisors.

6. [Plaintiff] is unable to perform any past relevant work (20 CFR 404.1565).

7. [Plaintiff] was born on September 1, 1958 and was 60 years old, which is defined as an individual closely approaching retirement age, on the alleged disability onset date (20 CFR 404.1563).

8. [Plaintiff] has at least a high school education (20 CFR 404.1564).

9. Transferability of job skills is not an issue in this case because using the Medical-Vocational Guidelines as a

        framework supports a finding that [Plaintiff] is "not disabled," whether or not [Plaintiff] has transferrable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 404.1569 and 404.1569(a)).

11. [Plaintiff] has not been under a disability, as defined in the Social Security Act, from May 1, 2019 through the date of this decision (20 CFR 404.1520(g)).

R. 24-25, 27, 32-33.

## IV. DISCUSSION

A. <u>Standard of Review</u>

Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed if they are supported by substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), it may amount to less than an evidentiary preponderance. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is deferential to the ALJ and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). Indeed, the court is not permitted to weigh the record evidence

itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B. <u>Burden of Proof in Disability Proceedings</u>

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that he is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents him from returning to his past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that his impairment results in functional limitations to performing his past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given his age, education, work experience and residual functional capacity. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C. <u>Review of the Administrative Law Judge's Decision</u>

Applying the sequential evaluation process, the ALJ determined that, although Plaintiff

7

could not perform his past relevant work, he could perform other jobs that exist in the national economy and, hence, was not disabled. R. 22-34. Plaintiff disputes the ALJ's decision and argues that the ALJ reversibly erred by: (1) failing to evaluate the contents of his wife's diary, which chronicled the daily impact of his mental health problems; and (2) mischaracterizing Plaintiff's activities of daily living. Pl. Br. at 4-15. The Commissioner denies Plaintiff's assertions. Resp. at 1-17. This court finds that the ALJ erred with respect to Plaintiff's wife's diary; this error also caused her to mischaracterize Plaintiff's activities of daily living. Hence, this case is remanded.

1. The ALJ Failed to Evaluate Properly the Contents of the Plaintiff's Wife's Diary

Plaintiff argues that the ALJ committed reversible legal error because, although she acknowledged the existence of his wife's diary, she did not explain why she rejected it. Pl. Br. at 10. The Commissioner counters that, under the regulations applicable to Petitioner's claim, the ALJ was not required to explain how she considered the evidence provided by Plaintiff's wife. Resp. at 12 (citing 20 C.F.R. § 404.1520c(d)).

The Commissioner is correct that the cited regulation states that an ALJ is not required to articulate how she considered evidence from nonmedical sources. 20 C.F.R. § 404.1520c(d). However, regulation 20 C.F.R. § 404.1529(a) does require the ALJ to determine if the claimant's statements about his symptoms are consistent with medical and other evidence in the record, and it further requires consideration of nonmedical sources' descriptions of how the claimant's symptoms affect their ability to perform activities of daily living. Furthermore, the Third Circuit has held that lay evidence, such as Ms. Forjohn's diary, is relevant and probative and must explicitly be considered by an ALJ, particularly when it is submitted to corroborate the claimant's testimony. *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 122 (3d Cir. 2000).

Together Section 404.1529(a) and *Burnett* required the ALJ to consider Ms. Forjohn's

diary.  Moreover, Plaintiff has demonstrated, by citing numerous excerpts from Ms. Forjohn's diary, dating from July 2020 to June 2021, *see* Pl. Br. at 7-9, that her diary entries corroborate Plaintiff's testimony that he goes weeks without showering, wears the same day-time clothes and sleeping clothes for many days at a time, lacks motivation to perform simple, household tasks, refuses to speak to people on the telephone, does not remember significant dates, does not interact with her, takes most of his meals in front of the television, and has not left the house, except to briefly walk the dogs, in over a year.  This evidence powerfully suggests that Plaintiff cannot leave the house daily in order to attend work.  Hence, Plaintiff's testimony about his limitations is not unsupported by the record, accurate only if Ms. Forjohn's diary was ignored.  This court should not interpret § 404.1520c(d) to allow the ALJ to ignore such significant evidence, particularly since § 404.1529(a) explicitly required her to consider such evidence.  Notably, the Honorable Scott W. Reid has recently noted that an ALJ must consider third-party statements in order to determine if the claimant's assertions about his limitations are consistent with the record. *Maldonado v. Kijakazi*, Civ. A. No. 22-36, 2022 WL 17742618, *4 (E.D. Pa. Dec. 16, 2022).  The undersigned so ruled likewise, albeit without considering the impact of § 404.1520c(d).  *Melton v. Kijakazi*, Civ. A. No. 20-5307, 2022 WL 1227972, *6 (E.D. Pa. Apr. 25, 2022).  In conclusion, the ALJ erred by failing to consider that Ms. Forjohn's diary corroborated Plaintiff's testimony, thereby creating a basis to conclude that his testimony about his limitations is consistent with the record.  This case is remanded so that the ALJ can explicitly acknowledge that abundant evidence in the record is consistent with Plaintiff's testimony about the extent of his limitations and reconsider whether, in light of that evidentiary support, Plaintiff's residual functional capacity ("RFC") must be reassessed.

2. <u>The ALJ Mischaracterized Plaintiff's Activities of Daily Living</u>

Plaintiff next argues that the ALJ erred because she mischaracterized Plaintiff's daily activities. Pl. Br. at 11-15. Plaintiff takes particular issue with the ALJ's assertion that he is able to walk his dogs, grocery shop, and attend to his personal needs. *Id.* at 12. The Commissioner counters that substantial evidence supports the ALJ's recounting of Plaintiff's daily activities. Resp. at 5-11. The Commissioner is incorrect.

The ALJ's characterization of Plaintiff's daily activities is accurate only if one ignores his testimony and his wife's diary which together provide substantial evidence that Plaintiff cannot grocery shop, inasmuch as he has not left his home in over a year, and cannot attend to his personal needs, since he does not bathe, cut his hair, shave, or change clothing on a regular basis. Furthermore, Plaintiff walks his dogs only across his driveway, not for any significant distance. In short, the ALJ overstated Plaintiff's daily activities. On remand, she must accurately consider the miniscule daily activities he is able to perform and reconsider whether this evidence ought to result in a different RFC.

An implementing order and order of judgment follow.